UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIER 32 MARINA GROUP, LLC, d/b/a PIER 32 MARINA,<br><br>                                Plaintiff,<br><br>v.<br><br>S/V WINDANCER, U.S.C.G. Official No. 586696, a 1977 Pegasus Sailing Vessel of Approximately 29.8-Feet in Length and 7.7-Feet in Beam, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND ALL OTHER APPURTENANCES, in rem,<br><br>                                Defendant. | Case No.: 24-cv-02294-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING ISSUANCE OF A WARRANT FOR MARITIME ARREST OF THE VESSEL S/V WINDANCER; and**<br><br>**(2) GRANTING EX PARTE APPLICATION TO APPOINT SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL**<br><br>**(Doc. Nos. 2, 3)** |

On December 9, 2024, Plaintiff Pier 32 Marina Group ("Plaintiff") filed a verified complaint for arrest, interlocutory sale, and money damages against Defendant vessel S/V Windancer, U.S.C.G. Official No. 586696, a 1977 Pegasus Sailing Vessel of Approximately 29.8-Feet in Length and 7.7-Feet in Beam, and all of her engines, tackle, accessories, equipment, furnishings and appurtenances (the "Defendant Vessel"). (Doc.

1

No. 1.) Based on the complaint, Plaintiff simultaneously filed an Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest pursuant to Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and An Ex Parte Application to appoint a substitute custodian. (Doc. Nos. 2, 3.) For good cause shown, the Court **GRANTS** Plaintiff's Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest of the Defendant Vessel and **GRANTS** Plaintiff's Ex Parte Application to appoint Plaintiff, the owner and operator of the marina known as "Pier 32 Marina," as custodian of the vessel.

Plaintiff has agreed to assume the responsibility of safekeeping Defendant Vessel and has consented to act as her custodian until further order of this Court. (Doc. No. 3 ¶ 4.) Plaintiff has agreed to provide the following services in connection with the safekeeping of the Defendant Vessel:

a. Assume custody of the Defendant Vessel from the United States Marshal at the place of her arrest (Pier 32 Marina) and maintain and provide wharfage and custodial services for her until further Order of the Court, with wharfage services to be charged at the rate of $3.50 per foot of overall vessel length (i.e., 29 feet x $3.50 = $101.50 per day), with the custodian component to be charged at the rate of $1.00 per foot of overall vessel length per day (*i.e.*, $1.00 x 29 feet = $29.00/day); the above rates shall not exceed those that are usual, customary, and prevailing in the Port of San Diego. If it is determined that further action is necessary beyond those detailed herein, Plaintiff shall notify counsel for the arresting party, so he can seek an appropriate Order from the Court;

b. As soon as possible after assuming custody of the Defendant Vessel, photograph and/or video tape the interior and exterior of the vessel, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel, with a total cost for the above services not to exceed $200.00;

c. In addition to daily inspections of the exterior of the Defendant Vessel, provide interior vessel inspections twice monthly, at the rate of $50.00 per inspection, in order to examine bilges and other areas below the vessel's waterline in order to confirm

they do not contain oil or excessive levels of water, to confirm bilge pump(s) are operational, to verify that no intrusion by rodents or other pests has occurred, to confirm there is no indication the vessel has been accessed by anyone other than the Substitute Custodian, and to generally inspect the vessel's interior areas for evidence of damage or other problems not present during prior interior inspections;

      d.    Provide, at rates not exceeding the usual and customary rates prevailing in the Port of San Diego, additional services such as cleaning, minor maintenance, inspection of the vessel's bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary, with such services to be invoiced at 15% above Substitute Custodian's cost therefor;

      e.    In the absence of a Court Order the Substitute Custodian shall not run the vessel's engines or generators;

      f.    Provide other such services as may be required from time-to-time, by further Order.

(*Id.*)

Plaintiff, by the Declaration of Gregory Boeh, states that Pier 32 Marina has adequate facilities and supervision at its 3201 Marina Way, National City facility for the proper safekeeping of the Defendant Vessel, and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship. (Declaration of Gregory W. Boeh, Doc. No. 3-1 ¶¶ 2, 3, 7.) Those policies include: (1) a commercial general liability policy with ocean marine endorsement underwritten by Travelers Property Casualty Company of America ("TPCCA") with a $1 million per occurrence limit and a $2 million aggregate limit; and (2) an umbrella policy underwritten by TPCCA with per occurrence and aggregate limits of $4 million. (*Id.* ¶ 7.) The United States Marshal will secure insurance to protect the Defendant Vessel against damages resulting from a marine casualty, and that it will deduct monies from the deposit Plaintiff provided the U.S. Marshal

to cover the premiums. (*Id.*) Further, the Substitute Custodian accepts, in accordance with the terms of this Order, possession of the Defendant Vessel. (*Id.* ¶ 9.)

In consideration of the U.S. Marshal's consent to the substitution of custodian, Plaintiff agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Defendant Vessel, from the time the United States Marshal transfers possession of the Defendant Vessel over to the substituted custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the substituted custodian's possession and safekeeping. (Doc. No. 3 ¶ 8.)

## CONCLUSION

Having considered Plaintiff's Complaint, Applications, and supporting papers, the Court concludes that the conditions for an action in rem under Supplemental Rule C appear to exist, and **GRANTS** Plaintiff's Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest of the vessel S/V Windancer. Additionally, the Court, for good cause shown, **GRANTS** Plaintiff's motion to appoint a substitute custodian. Accordingly, the Court orders the following:

1. The Court **ORDERS** that the immediate issuance of a warrant for the arrest of the vessel S/V Windancer, U.S.C.G. Official No. 586696, a 1977 Pegasus sailing vessel of approximately 29.8-feet in length and 7.7-feet in beam, and all of her engines, tackle, accessories, equipment, furnishings and all other appurtenances is authorized;

2. The Court **ORDERS** the Clerk of the District Court to immediately prepare a Warrant for the Arrest of the vessel S/V Windancer and deliver it to the United States Marshal for the Southern District of California for service.;

3. The Court **ORDERS** that a copy of this Order be attached to and served with the said Warrant For Arrest In Action In Rem;

4. Any person claiming an interest in the Defendant Vessel is entitled upon request to a prompt hearing, where Plaintiff will be required to show why the arrest should

not be vacated or other relief granted consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims;

    5.    The Court **ORDERS** that the United States Marshal for the Southern District is authorized and directed upon seizure of the Defendant Vessel, pursuant to Warrant for Arrest to be issued by the Clerk of this Court pursuant to this Order of the Court, to surrender the possession thereof to the substitute custodian named herein, and that upon such surrender the U.S. Marshal will be discharged from its duties and responsibilities for the safekeeping of the Defendant Vessel and it and the United States will be held harmless from and against any and all claims whatever arising out of the substituted possession and safekeeping;

    6.    The Court **ORDERS** that Plaintiff Pier 32 Marina be appointed the custodian of the Defendant Vessel, to retain the Defendant Vessel in its custody for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Gregory Boeh (Doc. No. 3-1) and the recitals herein contained until further Order of this Court;

    7.    The substitute custodian will not sell the Defendant Vessel or release her to anyone and/or let anyone aboard her, other than permitting access as necessary to comply with its custodial duties in this action, or in the event of an emergency, or as otherwise directed by the Court; and

    8.    The Court **ORDERS** Plaintiff's attorney to serve by mail a copy of this Order to the person(s) believed to be the owner(s) of the Defendant Vessel.

**IT IS SO ORDERED.**

Dated:  December 11, 2024

Hon. Anthony J. Battaglia
United States District Judge